UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devaughn Steve Williams, #293213, ) | C/A No. 4:07-3225-PMD-TER |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Barry L. Galloway, Sgt. SCDC; ) Ronnie A. Young Jr.; ) | |
| Defendants. ) | |

The *pro se* plaintiff filed a complaint pursuant to 42 U.S.C. §1983 on September 26, 2007.[1] Defendant Young filed a Motion to Dismiss on January 24, 2008, arguing the action is barred by the statute of limitations. (Document #38). The undersigned issued an order filed January 25, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion to Dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

Defendant Galloway filed a Motion to Dismiss on February 29, 2008, along with a memorandum in support arguing the action should be dismissed as it was not filed within the applicable statute of limitations period. (Document #43). The undersigned issued an order filed March 3, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the Motion to Dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

On April 7, 2008, plaintiff filed a motion for extension of time to file a response. (Document # 53). It was not clear as to which Motion to Dismiss plaintiff was asking for an extension so an

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Order was issued on April 15, 2008, granting plaintiff's motion for an extension to file a response as to both Motions to Dismiss and giving the plaintiff until May 7, 2008, to file a response to the above Motions to Dismiss and *Roseboro* orders. Plaintiff was also advised in that order that if he did not file a response by May 7, 2008, his case may be dismissed as to these defendants for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b) and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. Plaintiff has failed to file a response.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' Motions to Dismiss or the Court's Orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 19, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3